UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:22-CR-00225-2 |
| | ) | |
| | ) | (BRANN, C.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| ISMAEL RIVERA-LEZAMA, | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION**
*(Motion To Reopen Detention Hearing - Doc. 86)*

**I.    INTRODUCTION**

Ismael Rivera-Lezama, charged with multiple mandatory minimum drug offenses, seeks bail before trial with a revised home plan after thirteen months of pre-trial detention. For the reasons explained in this memorandum opinion I find there are no conditions, or combination of conditions, that will overcome the presumption of detention and assure the safety of the community. His request for release from detention will be denied.

The United States Constitution states that: "Excessive bail shall not be required . . ." U.S. Const. amend. VIII.  The right to bail under the Eighth Amendment is not an absolute one, and Congress may restrict the category of cases in which bail will be allowed.

The Bail Reform Act of 1984 requires courts to detain prior to trial arrestees charged with certain serious felonies if the Government demonstrates by clear and

convincing evidence, after an adversarial hearing, that no release conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Act provides arrestees with several procedural rights at the detention hearing, including the right to request counsel, to testify, to present witnesses, to proffer evidence, and to cross-examine other witnesses. The Act also specifies the factors to be considered in making the detention decision, including the nature and seriousness of the charges, the substantiality of the Government's evidence, the arrestee's background and characteristics, and the nature and seriousness of the danger posed by his release. Under the Act, a decision to detain must be supported by written findings of fact and a statement of reasons and is immediately reviewable.

## II. DISCUSSION

In this case, the Defendant initially appeared and was arraigned on June 17, 2022, and was ordered detained (Doc. 35). A formal detention hearing was held on July 1, 2022, and Defendant was again detained pending further proceedings (Docs. 56, 57). On the same day the Court ordered the Defendant to provide additional information regarding documentation of employment and ownership of the proposed release residence (Doc. 58). On August 1, 2022, defense counsel filed an Amended Proposed Release Plan attaching the documentation requested in the July 1, 2022, Order, and a completed Third-Party Custodian Referral Form. (Doc. 66 *sealed*).

However, on August 4, 2022, defense counsel notified the Court that the proposed third-party custodian and owner of the proposed release residence withdrew her consent for the Defendant to reside there. (*See* Doc. 85, p. 2, ¶¶5-7). On August 5, 2022, the Court again ordered the Defendant detained without prejudice to file a bail motion at a later date (Doc. 68).

On April 14, 2023, Defendant filed another Motion for a Detention Hearing with a revised release plan. (Doc. 86). On April 17, 2023, Defendant filed a Certificate of Non-Concurrence in the Request for a new detention hearing. (Doc. 88-1). On April 25, 2023, the Government filed a Brief in Opposition to Defendant's Request to Reopen the Detention Hearing. (Doc. 89).

On May 10, 2023, a second detention hearing was held (Doc. 90) and an Order was entered requiring both the Government and Defendant to provide additional information. (Doc. 91). Defendant was again ordered detained pending further Order of the Court. The Government filed a Supplement to its Brief in Opposition with exhibits (Doc. 93) and Defendant filed a Response (Doc. 94). The matter is ripe for decision.

Defendant is charged with Conspiracy to Distribute Controlled Substances, 21 U.S.C. § 846, and eight counts of Delivery/Possession with Intent to Distribute Controlled Substances, 21 U.S.C. § 841. The presumption of detention applies. 18 U.S.C. § 3142(f)(1). The Government argues that no condition or combination of

conditions will assure the presence of the defendant and especially the safety of any person or the community. Defendant argues that he is not a flight risk, and that the safety of the community can be assured by the imposition of reasonable conditions.

I have considered the Pretrial Services Report[1] dated June 16, 2022, the facts proffered at the three hearings, the testimony of Keely Ruiz and the Defendant at the May 10, 2023, hearing, and the arguments of counsel, both at the hearings and in their respective briefs.

### III.   FINDINGS OF FACT

Based on this record I make the following specific findings of fact:

1) Ismael Rivera-Lezama (the Defendant) was charged in 2009 and convicted in 2010 for Possession with Intent to Deliver and Conspiracy in Berks County, PA (Cr-92-2010). Despite being his "first offense" he received a 4–8-year state sentence and was not released from supervision until December 10, 2017. (PTS Report).

2) A Pennsylvania Department of Labor & Industry employment query reflects no employment history. (PTS Report). Defendant testified that he has had various periods of employment after his release from state prison, but that employment cannot be verified with government records. He apparently had

---

[1] Copies were provided to Counsel for both parties before the bail hearing.

no legitimate employment from age eighteen until his state court arrest in 2009 at age twenty-one.

3) In the 2009 state drug case Ramsee Munoz was a convicted codefendant. Munoz is a codefendant in this case also. (Doc. 93 p. 1 and 93-1, p. 6).

4) A significant amount of drugs and packaging material were recovered from Defendant's apartment in Reading in 2009 as a part of the state criminal case. (Doc. 93-1, pp. 9-10).[2]

5) During a warrant authorized (4:22-mc-00510 - June 15, 2022), search of Defendant's apartment in Bloomsburg, PA, police recovered two revolvers, ammunition, and multiple sized packages of marijuana indicative of intent to sell. (Doc. 93-2). During the search Defendant admitted that the firearms were his (Doc. 93, p. 2).

6) Defendant is charged in this case with a drug conspiracy involving pound quantities of methamphetamine running from April 2021 to June 2022, which if convicted would require a mandatory 10-year minimum sentence with a possible life sentence, and eight counts of drug distribution from October 2021 to April 2022, each of which carries a mandatory five year and maximum

---

[2] Defendant argues that his state sentence overestimates the seriousness of the offense because it included a mandatory minimum two-year school zone sentence and that provision was declared unconstitutional in 2015. (Doc. 94, p. 2).

      40-year prison sentence if convicted. (Proffer at the July 1, 2022, hearing & Doc. 3).

7) The charges in this case are serious and the evidence against this Defendant is substantial. (Proffer at the July 1, 2022, hearing).

8) Keely Ruiz is the mother of Defendant's minor daughter. She testified at the May 10, 2023, hearing that she was willing to allow Defendant to reside with her and serve as a third-party custodian. She also testified that she has no prior criminal record.

9) A supplemental Third-Party Custodian Investigation by our probation department dated May 12, 2023, shows that she was charged with retail theft in 2013 (later dismissed) and plead guilty to a criminal trespass also in 2013. She was charged on April 21, 2020, with retail theft, in Sunbury, Northumberland County (CR-936-2020) and a bench warrant is outstanding for her failure to appear in that case. She was also charged on December 19, 2021, with Public Drunkenness in Allentown, Lehigh County NT-574-2021 and a bench warrant was issued on December 30, 2021, for her failure to respond. In addition to those two active bench warrants she has eight outstanding traffic warrants for failure to respond and four warrants for failure to pay. (Supplemental report and public state court dockets). She would not be a reliable third-party custodian.

10) Defendant has not provided an appropriate residence or third-party custodian if released.

11) Defendant has not rebutted the presumption that he is a danger to the community.

## IV. CONCLUSION

Having carefully considered the alternatives presented in 18 U.S.C. §3142(c) I find that there are no conditions or combination of conditions short of confinement that will reasonably assure the safety of any other person and the community. An appropriate ORDER will follow.

Date: July 18, 2023                BY THE COURT

                                                 *s/William I. Arbuckle*
                                                 William I. Arbuckle
                                                 U.S. Magistrate Judge